

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,794

**EX PARTE SERENA ROJAS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1058663D IN THE CRIMINAL DISTRICT COURT #2
### FROM TARRANT COUNTY

*Per curiam.*

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a habitation in exchange for deferred adjudication community supervision. Her guilt was later adjudicated, and she was sentenced to twenty years' imprisonment.

Applicant contends that her counsel rendered ineffective assistance because he failed to timely file a notice of appeal after adjudication in this case. Although Applicant expressly waived appeal in conjunction with her original plea, that waiver is not effective as to the adjudication and sentencing procedures. As of June 15, 2007, the determination by the court of whether it proceeds

with an adjudication of guilt is reviewable in the same manner as a revocation of "straight" probation. TEX. CODE CRIM. PROC. art. 42.12 §5(b). Moreover, "after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." *Id.* Therefore, counsel's determination that no appeal could be taken in this case because of Applicant's waiver of appeal during the original plea was incorrect.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment adjudicating guilt in Cause No. 1058663D from the Criminal District Court #2 of Tarrant County. Applicant is ordered returned to that time at which she may give a written notice of appeal so that she may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, she must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 9, 2012
Do not publish